SLIP OPINION



Cite as 2015 Ark. App. 635

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–15–155

| | |
|---|---|
| | **Opinion Delivered** November 4, 2015 |
| BRANDON ULYSSES WESTBROOK<br>APPELLANT | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>FIRST DIVISION |
| V. | [NO. 60CR–11–1138] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE LEON JOHNSON,<br>JUDGE |
| | SUPPLEMENTAL ADDENDUM<br>ORDERED |

## WAYMOND M. BROWN, Judge

A Pulaski County jury convicted appellant Brandon Westbrook of two counts of first-degree murder and one count of attempted first-degree murder. He was sentenced as a habitual offender to forty-five years' imprisonment. Appellant argues on appeal that the trial court abused its discretion "in refusing to admit into evidence expert medical testimony and lay-person testimony proffered by appellant Westbrook to establish his controlled substance induced psychosis as the cause for making false confessions on February 10, 2011, to have committed the first degree murders and the attempted first degree murder at issue." We do not reach the merits of appellant's argument due to deficiencies in the addendum.

SLIP OPINION

Arkansas Supreme Court Rule 4-2(a)(8)[1] requires that the addendum to the appellant's brief contain copies of non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, understand the case, and decide the issues on appeal, including exhibits such as CDs and DVDs. Here, appellant has failed to include the DVD played for the jury and admitted as an exhibit during his jury trial in the addendum.[2] He has also failed to include his prior convictions in the addendum. We direct appellant to file a supplemental addendum within seven calendar days of this opinion.[3] We encourage counsel to review our rules to ensure that no other deficiencies are present.

Supplemental addendum ordered.

GLOVER and WHITEAKER, JJ., agree.

*Llewellyn J. Marczuk*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.

---

[1] (2014).

[2] We note that the volume on the DVD was muted; however, it is still necessary for appellant to provide this court with copies of the DVD.

[3] Arkansas Supreme Court Rule 4-2(b)(4).